# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUELEN SEIDNER TRITT, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:06-cv-2065 (CFD) |
| | : | |
| AUTOMATIC DATA PROCESSING INC. | : | |
| LONG TERM DISABILITY PLAN, et al. | : | |
|     Defendants. | : | |

## RULING ON MOTION FOR MISCELLANEOUS RELIEF

The plaintiff, Suelen Seidner Tritt, brings this case under the Employment Retirement Income Security Act (ERISA) challenging Automatic Data Processing's ("ADP") denial of her requested disability benefits. As the parties near the end of discovery in this case, Tritt brings this motion for various relief, including an order directing the parties to meet and confer to organize the record, an order allowing Tritt to supplement the record, and an order setting deadlines for the filing of dispositive motions.

The record in this case currently surpasses 2500 pages, covering the nine administrative appeals of ADP's denial of Tritt's benefits. Plaintiff's counsel wishes to meet and confer with ADP's Benefits Manager, with defense counsel present, to reorganize the record to delete possible duplications, and possibly order the record chronologically.

Tritt also seeks to supplement the record with the following additions:

- The curriculum vitae of Dr. David S. Bell and Dr. Phillip Marion, two doctors who examined Tritt.

- Results of the "tilt table test" Tritt took, a test which measures blood flow and blood pressure.

- A regulatory settlement agreement between the Provident Life and Accident

>Insurance Company and the state insurance regulators of the fifty states, as well as a corresponding letter of guidance by the State of Maine Board of Licensure in Medicine. Tritt claims these documents will "illustrate and define the proper code of conduct which ADP's cadre of experts did not follow." Pl.'s Mem. in Support of Motion 9, August 14, 2010, ECF No. 145-1.

- A short statement from Tritt about her current medical condition.

In this case, the court will conduct a *de novo* review of the plan administrator's decisions.[1] In its review of issues of plan interpretation, the court may consider evidence outside the administrative record. However, in its review of factual issues, a district court may not consider evidence outside the administrative record without "good cause" to do so. Locher v. Unum Life Insurance Co. of Am., 389 F.3d 288 (2d Cir. 2004); see also, DeFelice v. Am. Int'l Life Assurance Co. of New York, 112 F.3d 61 (2d Cir. 1997). Tritt acknowledges that the only issue in the case—whether Tritt was disabled in 1993—is a factual one. "Good cause" to supplement the record may exist when the plan administrator has a conflict of interest, Locher, 389 F.3d at 294,[2] or when the claims review process suffers from procedural irregularities such as a lack of established criteria for determining an appeal, id. at 293, a plan's practice to destroy or discard records, id., or a plan's failure to state its reasons for denying a claim in its notices to a claimant, Juliano v. Health Maintenance Organization of New Jersey, Inc., 221 F.3d 279, 289 (2d Cir. 2000).

---

[1] See Ruling, December 1, 2008, ECF No. 65.

[2] Locher made clear that while a plan administrator's conflict of interest *may* constitute good cause, it does not constitute good cause *per se*.

None of those indicia of good cause are present here. Tritt does not allege that the plan administrator had any actual conflicts of interest. The only procedural irregularity to which Tritt points is the alleged lack of any "doc-to-doc call" between the Independent Medical Examiners ("IMEs") retained by ADP and Tritt's physicians. Tritt suggests it is "standard and accepted protocol" for IMEs who review medical records to telephone the other physicians who have treated the patient, and that did not happen in Tritt's appeal process. Pl.'s Mem. in Support of Motion 4–5. Even assuming the "doc-to-doc" call is a standard practice among physicians in these situations, Tritt is incorrect that none of the IMEs contacted Tritt's treating physicians. In fact, during Tritt's initial claim review in 1993, Dr. Susan Levine, Tritt's principal treating physician, was sent copies of the IMEs' reports and allowed to comment on their opinions. See Defs' Response to Mot. Ex. 2, September 7, 2010, ECF No. 150-2.

Because Tritt has not shown "good cause" as Locher requires, the court will not consider additional evidence outside the administrative record. In addition, the court declines to order the parties to meet and confer to reorganize the record. Any duplications or confusion can be addressed as the parties prepare exhibits for trial.

For the reasons set forth above, the plaintiff's motion for miscellaneous relief [Dkt. # 145] is DENIED.

SO ORDERED this  21st  day of January 2011, at Hartford, Connecticut.


    /s/ Christopher F. Droney  
CHRISTOPHER F. DRONEY  
UNITED STATES DISTRICT JUDGE